Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3306 | DATE | November 15, 2004 |
| CASE TITLE | | In re Feliciano | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

For reasons stated in the Court's Memorandum, Opinion and Order, the Court reverses the Order of the Bankruptcy Court and remands the matter.

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 2 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 7 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | 2004 NOV 19 AM 5:18 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In Re: Robert Feliciano and
Maritza Feliciano

No. 04 C 3306

Wayne R. Andersen
District Judge

DOCKETED
NOV 2 2 2004

## MEMORANDUM, OPINION AND ORDER

The appellants and debtors, Robert and Maritza Feliciano, have appealed a ruling of the bankruptcy court denying their uncontested motion to redeem a vehicle under 11 U.S.C. § 722. For the reasons set forth below, we reverse the bankruptcy court's order denying the debtor's motion for redemption and remand the case for further consideration in accord with this opinion.

## BACKGROUND

Appellants filed a motion to redeem a 1996 Pontiac Grand Am ("vehicle") from Nationwide Acceptance Corporation ("creditor") under 11 U.S.C. § 722 for the amount of $2,345.00. The amount was based on the value provided by a vehicle condition report prepared using the Kelly Blue Book. The uncontested motion was first presented on February 26, 2004 and was continued to March 16, 2004 under the bankruptcy court's request that the appellants (1) verify the motion was served on the creditor at the address for service of process filed with the Illinois Secretary of State; (2) verify the creditor had filed a claim in the case; and (3) provide evidence of retail value.

On March 16, 2004, the appellants informed the bankruptcy court that the creditor had been properly served and had not filed a proof of claim. After reading definitions of various

1

values from trade publications, the court continued the matter to March 23, 2004 and directed appellants' counsel to submit further evidence of the vehicle's liquidation value.

On March 23, 2004, the bankruptcy court issued an oral judgment denying the debtor's redemption motion because (1) the evidence of value presented as an exhibit to the redemption motion – a vehicle condition report based on the Kelly Blue Book trade-in value – was inadmissible hearsay, and (2) the Supreme Court's decision in *Associates Commercial Corp. v. Rash*, 520 U.S. 953 (1997), mandates that collateral be redeemed for its retail or replacement value. On March 30, 2004, appellants filed their notice of appeal with this Court.

## DISCUSSION

Under 11 U.S.C. § 722, Chapter 7 debtors are entitled to a right of redemption:

> An individual debtor may . . . redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt . . . by paying the holder of such a lien the amount of the allowed secured claim . . . .

The amount to be paid by the debtor to the lien holder "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property . . . ." 11 U.S.C. § 506(a). In this case, the appellants are seeking to redeem their 1996 Pontiac Grand Am for personal use.

In the event a Chapter 7 debtor does not seek to redeem the collateral, as the appellants here do, and the property is surrendered and the creditor is left with the option of selling the vehicle at auction and recouping its foreclosure or liquidation value. The appellants in this case argue that they should have to pay only the liquidation value of the vehicle, as that is the price the creditor would receive if the debtors opted to surrender the collateral.

The bankruptcy court, however, disagreed and held that the Supreme Court's decision in

*Associates Commercial Corp. v. Rash*, 520 U.S. 953 (1997), mandates that collateral be redeemed for its retail or replacement value. In *Rash*, the Court analyzed the valuation language under 11 U.S.C. § 506(a) for purposes of determining the value a debtor must pay to a secured creditor when exercising the so-called cram down provision of Chapter 13. 11 U.S.C. § 1325(a)(5)(B); *Rash*, 520 U.S. at 962. The cram down provision is different than the redemption provision under Chapter 7. Under the cram down provision, the debtor may keep the collateral over the creditor's objection and pay the creditor, over the life of the plan, the equivalent of the present value of the property. *Id.* Under this option, the creditor does not receive possession of the collateral, nor does it receive the value of the property immediately. Instead, the debtor makes installment payments to the creditor, subjecting the creditor to the risk of the collateral depreciating over the life of the installment payments and to the risk the debtor may default.

To compensate for the creditor's risks under the cram down provision, the Supreme Court in *Rash* concluded that the appropriate value to assign collateral in the Chapter 13 context is the replacement value, which it defined as the "amount a willing buyer in the debtor's trade, business, or situation would pay a willing seller to obtain property of like age and condition." *Rash*, 520 U.S. at 960. The Court concluded that the replacement value, as opposed to the foreclosure or liquidation value (the net value a creditor could realize through a foreclosure sale), distinguishes the Chapter 13 debtor's retention of the collateral from the surrender of the collateral over the installment period and "renders meaningful the key words 'disposition or use'" under 11 U.S.C. § 506(a). *Id.* at 962. The creditor, in other words, receives a premium for the risks associated with debtor's exercising of its Chapter 13 rights.

We believe the Court's holding in *Rash*, however, is limited to the context of the debtor

3

exercising its rights under Chapter 13. The Court's use of language was confined to the cram down context: "In sum, under § 506(a), the value of property retained because the debtor has exercised the § 1325(a)(5)(B) 'cram down' option is the cost the debtor would incur to obtain a like asset for the same 'proposed use.'" *Rash*, 520 U.S. 963. We agree with courts that have held that, if the Supreme Court intended for its interpretation of § 506(a) to apply to other provisions of the Bankruptcy Code, it would not have included the limiting clause "because the debtor has exercised the § 1325(a)(5)(B) 'cram down' option." *Smith v. Household Automotive Finance Corp.*, 313 B.R. 267, 269 (N.D. Ill. 2004). "[T]he Court, consistent with § 506(a)'s requirement that valuation be determined 'in light of the purpose of the valuation,' limited its holding to Chapter 13's cram down provision." *Id.*

As § 506(a) sets forth, valuation is to be determined "in light of the purpose of the valuation and of the proposed disposition or use of such property." Bankruptcy courts that have issued written opinions on this subject have focused on the same economic distinctions the Court outlined in *Rash*. *See Smith,* 313 B.R. at 269; *In re Weathington,* 254 B.R. 895, 901 (6th Cir. BAP 2000); *In re Tripplett,* 256 B.R. 594, 598 (N.D. Ill. 2000). Unlike the Chapter 13 cram down provision, the creditor under the redemption provision of Chapter 7 is free to liquidate the property and obtain immediate payment. The creditor does not have to wait for installment payments and suffer the risks of depreciation and default. We thus agree with the majority view that liquidation (not the higher retail or replacement value) is the appropriate value to assign collateral in the context of a Chapter 7 motion for redemption. *In re Tripplett,* 256 B.R. at 598 ("[T]here appear to be no reported decisions adopting replacement cost for valuing secured claims in the context of redemption, while numerous decisions have adopted the liquidation

4

standard.").

In addition, the legislative history of 11 U.S.C. § 722 supports this view. "This [redemption] right allows the debtor to retain his necessary property and avoid high replacement costs, and does not prevent the creditor from obtaining what he is entitled to under the terms of his contract." H.R. Rep. No. 95-595 at 122 (1977) *reprinted in* U.S.C.C.A.N. 5963. One bankruptcy court has concluded that Congress "intended to place the creditor in the same position it would have been in had the property not been redeemed and the creditor had repossessed and caused a sale of such property." *In re Donley*, 217 B.R. 1004, 1007 (Bankr. S.D. Ohio 1998). We concur with the court's analysis that the legislative history of 11 U.S.C. § 722 supports using the liquidation value.

## CONCLUSION

This Court has great respect and, frankly a sense of deference, for the Bankruptcy Judge's legal judgments. Nevertheless, for the reasons stated above, this Court interprets the law differently and, therefore, reverses and remands the case so the Bankruptcy Judge can determine the liquidation value of the debtor's vehicle.

It is so ordered.

Dated: November 15, 2004

Wayne R. Andersen
United States District Judge